UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
-vs- : No. 3:CR-05-493
:
MICHAEL CURTIS REYNOLDS, :
                    Defendant :

FILED
SCRANTON

OCT 3 2006

PER _____
DEPUTY CLERK

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Indictment, Al-Qaeda was an international terrorist group dedicated to opposing governments not established under strict Islamic law. The group was founded by Usama bin Laden and others. Bin Laden declared a jihad, or holy war, against the United States and its citizens, which he carried out through Al-Qaeda and its affiliated organizations. Al-Qaeda was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act on October 8, 1999, and has remained so designated from that time until the time of this Indictment.

2. OBLcrew (Osama Bin Laden Crew) is a Yahoo internet chat group that permits users to read comments posted by other users and to post comment that other users may read. In approximately October 2005, the Defendant, Michael Curtis Reynolds, a/k/a "Fritz Mueller," posted comments at the OBLcrew chat group soliciting help to compel United States Government officials to return soldiers to the United States through terrorist activities.

3. The Defendant began communicating through the Internet with an individual the Defendant believed to be a member of Al-Qaeda. This individual is known to the Grand Jury

and was not, in fact, affiliated with that or any other foreign terrorist organization.

4. The Defendant offered to assist Al-Qaeda in engaging in acts of terrorism within the United States by performing the services of identifying targets, planning terrorist attacks, describing bomb making methods, among other services. Specifically, the Defendant sought to enlist separate "units" consisting of Al-Qaeda members to carry out violent attacks against pipeline systems and energy facilities in an effort to reduce energy reserves, create environmental hazards, increase anxiety, and require substantial expenditure of funds and government personnel, including the military, to protect these locations.

5. The Defendant sought payment for supplying his assistance and to continue working on the behalf of Al-Qaeda and, on or about December 5, 2005, the Defendant traveled to a rest stop on Interstate 15 in Idaho in an attempt to retrieve $40,000 that he believed constituted payment from Al-Qaeda in exchange for his services and future services.

Paragraphs One through Five of this Superseding Indictment are incorporated by reference and realleged in each of the Counts below as if set forth in full.

THE GRAND JURY FURTHER CHARGES:

## COUNT 1

Beginning in or about October 2005, and continuing until on or about December 5, 2005, within the Middle District of Pennsylvania and elsewhere, the Defendant,

MICHAEL CURTIS REYNOLDS,

subject to the jurisdiction of the United States, unlawfully and knowingly did attempt to provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b), including property, service, personnel (himself), training, and expert advice and assistance, to a foreign

terrorist organization, namely Al-Qaeda, which was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, as added by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. NO 104-132, 302, 110 Stat. 1214, 1248 (1996), and amended by the Illegal Immigration reform and Immigrant Responsibility Act of 1996, Pub. L. No 104-208, 110 Stat. 3009 (1996), in or about October 1997 and re-designated in October 1999, October 2001 and October 2003, knowing that Al-Qaeda was designated as a terrorist organization under 8 U.S.C. § 1989, has engaged or engages in terrorist activity, as that term is defined in 8 U.S.C. § 1182(a)(3)(B), and has engaged or engages in terrorism, as that term is defined in 22 U.S.C. § 2656f(d)(2).

In violation of Title 18, United States Code, Section 2339B.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2

Beginning in or about October 2005, and continuing until on or about December 5, 2005, within the Middle District of Pennsylvania and elsewhere, the Defendant,

MICHAEL CURTIS REYNOLDS,

subject to the jurisdiction of the United States, unlawfully and knowingly did attempt to provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b), including property, service, personnel (himself), training, and expert advice and assistance, knowing and intending that such material support and resources were to be used in preparation for and in carrying out a violation of Title 18, United States Code, Sections 844(i) (maliciously damaging or destroying, or attempting to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property used in interstate or foreign commerce or in any

activity affecting interstate or foreign commerce) and Title 49, United States Code, Sections 60123(b)(knowingly and willfully damaging or attempting to damage an interstate gas pipeline facility).

In violation of Title 18, United States Code, Sections 2339A and 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 3

Beginning in or about October 2005, and continuing until on or about December 5, 2005, within the Middle District of Pennsylvania and elsewhere, the Defendant,

MICHAEL CURTIS REYNOLDS,

with the intent that another person or persons engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the property of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade another person to engage in such conduct, that is a violation of Title 18, United States Code, Sections 844(i) (maliciously damaging or destroying, or attempting to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce) and Title 49, United States Code, Sections 60123(b)(knowingly and willfully damaging or attempting to damage an interstate gas pipeline facility).

In violation of Title 18, United States Code, Section 373.

THE GRAND JURY FURTHER CHARGES:

## COUNT 4

Beginning in or about October 2005, and continuing until on or about December 5, 2005, within the Middle District of Pennsylvania and elsewhere, the Defendant,

MICHAEL CURTIS REYNOLDS,

did knowingly distribute through the Internet information pertaining to, in part, the manufacture and use of an explosive and destructive device, with the intent that the information be used for, and in furtherance of, an activity that constitutes a Federal crime of violence, that is a violation of Title 18, United States Code, Sections 844(i)(maliciously damaging or destroying, or attempting to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce) and Title 49, United States Code, Sections 60123(b)(knowingly and willfully damaging or attempting to damage an interstate gas pipeline facility).

In violation of Title 18, United States Code, Section 842(p)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 5

On and before April 23, 2005, in the Middle District of Pennsylvania, the Defendant,

MICHAEL CURTIS REYNOLDS,

did knowingly and unlawfully possess a firearm, that is, a destructive device (explosive grenade), not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Section 5841, 5861(d) and 5871.

THE GRAND JURY FURTHER CHARGES:

## COUNT 6

On and before December 5, 2005, in the Middle District of Pennsylvania, the Defendant,

MICHAEL CURTIS REYNOLDS,

did knowingly and unlawfully possess a firearm, that is, a destructive device (explosive grenade), not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Section 5841, 5861(d) and 5871.

A TRUE BILL:

10/3/06
DATE

THOMAS A. MARINO
United States Attorney