IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :    05:CR-493
         VS.              :    CASE NUMBER
                          :
_Michael Curtis Reynolds_ :
   DEFENDANTS  NAME

MOTION FOR DISMISSAL OF INDICTMENT

THE DEFENDANT, HAVING BEEN ADVISED OF HIS LEGAL RIGHTS UNDER THE LAW, HAS DETERMINED A NEED TO FILE THE FOLLOWING:

(1) MOTION FOR DISMISSAL OF INDICTMENT - INTHAT THE DEFENDANT HAS A NEED TO BE HEARD REGARDING THE INDICTMENT WITH A GOAL OF ESTABLISHING THE GOVERNMENTS QUALIFICATIONS OF THAT INDICTMENT, AS ISSUES NEED TO BE RESOLVED LEGALLY IN ITS USAGE.

FILED
SCRANTON
APR 11 2007
Per_____
        DEPUTY CLERK

THIS MOTION IS <u>GRANTED</u> ON THIS _____ DAY OF THE MONTH OF _____, IN THE YEAR OF _____.

_____        _____
REPRESENTATIVE OF THE COURTS              DATE

MOTIONS & NOTIONS (c) 2006

Since Prosecutorial Misconduct will merit dismissal only when it substaintially influenced Grand Jury's decision to indict or raises grave doubt that decision to indict was substaintially influenced, per US. vs. Gresset, our solution, or judicial remedy becomes clear. In our matter there exists no doubt of Prosecutorial Misconduct in regards to the Grand Jury. Even if the key informant had not lied, which he did, even if the Affiant had not also lied to establish the veracity of that informant, which he did, the email cut-and-pasted evidence, not even legal copies, therefore inadmissible under 18§1002-1004 would raise grave doubts as to the ability to indict. An indictment including false statements or testimony, once the false item or items have been removed, that fails to establish probable cause, must be dismissed, per USCA Const. Amend. 14, and Franks vs. Delaware. We do not have an issue of if Prosecutorial Misconduct occured, we have so much misconduct that nothin legal remains to go to trial upon under Due Process violations. Not one person involved in this matter is not fully aware that the multiple perjury counts were committed already, therefore any question of Fourteenth Amendment violation by attempting to go forward to trial would be a falicy. This would render any possibility of trial to be a waste of both time, monies, and resources of both the court and the defendant. Appeal is already guaranteed in the Third Circuit for the abuses inflicted upon the defendant. Notwithstanding the fact the defendant has automatic grounds for reversal of the indictment.

Government may not convict on basis of false testimony of one of it's officers, even if prosecution offered evidence in good faith, per US. vs. Croft.

Prosecutions knowing use of perjured testimony requires reversal only if testimony is material, ie. if it's use creates reasonable likelihood that jury's verdict might have been different. US. VS. WASHINGTON, US. VS. SHERLOCK, BONIN VS. CALDERON, US. VS. BAILEY, US. VS. ALZATE, US. VS. NECOECHEA, US. VS. BETHLEY, US. VS. BOYD, US. VS. PAYNE, US. VS. GONZALEZ, US. VS. HELMSLEY, US. VS. KELLY, GRISBY VS. BLODGETT, US. VS. SAPP, ELY VS. MATESANZ, CONSTANZO VS. US, AUSTIN VS. BELL, BRAGAN VS. MORGAN.

Due process clause of Fifth Amendment bars law enforcement conduct that violates fundamental fairness or is shocking to the universal sense of justice, per USCA Const. Amend. 5. Factual determinations that can lead to suppression of evidence should be resolved at an evidentiary hearing conducted prior to trial, in US vs. Voight. The rule that deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the rudimentary demands of justice, applies to both the solicitation of false testimony and the knowing aquiescience in false testimony, per Workman vs. Bell. Due process bars a prosecutor from making knowing use of false statements or evidence, and a conviction may not stand if such evidence could in any reasonable likelihood have affected the judgement of the jury, USCA Const. Amend. 6, where defendant makes substaintial preliminary showing that false statement knowingly and intentionally, or with careless disregard for the truth, was included by Affiant in search warrant Affidavit, and if alledgedly false statement is necessary to finding of probable cause, Fourth Amendment requires that hearing be held at defendant's request, USCA Const.Amends. 4,14, Franks vs. Delaware.