B-493

2

FILED
SCRANTON

APR 30 2007

PER _____
DEPUTY CLERK

Brief in Support of Motion
For Dismissal of Indictment

(1) Where Government was in posession of all facts needed to proceed with its superceeding indictment but waited until eve of trial some three months later to file the superceeding indictment, Government was required to offer some valid explanation for its delay, and absent a showing by Government of the reasons for the delay, counts added to superceeding indictment would be dismissed with prejudice, per US vs. Van Brandy. In our matter, Speedy Trial Act violated since March 6th, 2006, over a year ago, even under the seventy days to trial law, trial had to commence by June 17th, 2006. All this being ignored in full defiance of the Sixth Amendment of the Constitution, defendant was held an additional illegal four months until superceeded about October 15th, 2006. This is well beyond any legal reason to allow the superceeding indictment or any indictment in view of the perjury done in front of the Grand Jury to obtain any indictments. Therefore, this case law precludes the possibility of retaining the superceeding indictment. Since the perjury done at all indictment

Proceedings negates any indictments, all should be dismissed with prejudice per Constitutional law.

## Remedy Sought

All indictments, being perjured, dismissed with prejudice. Failing that, all superceeding indictments dismissed with prejudice. All charges expunged, all property returned.

Motions & Notions © 2006