UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| | : | NO. 3:CR-05-493 |
| -vs- | : | |
| | : | (Judge Kosik) |
| | : | |
| MICHAEL CURTIS REYNOLDS, | : | |
| | : | |
| Defendant | : | |


**<u>MEMORANDUM AND ORDER</u>**

This matter is before the court on the defense motion to dismiss the charges for violation of the Speedy Trial Act, 18 U.S.C. §3161, *et* <u>seq.</u>[1]

<u>Background</u>

This is a case in which the defendant was originally indicted on December 20, 2005 charging two firearms violations. It has a procedural history up to October 3, 2006, when a superseding indictment charged the defendant with four additional and

---

[1]Regrettably, the motion filed by counsel, as well as the many *pro* <u>*se*</u> motions filed by defendant, do not fully comply with Section 207 of the Speedy Trial Plan adopted in this district by Standing Order No. 06-5 on August 30, 2006, requiring a party to identify and <u>describe fully periods of excludable delay</u> to allow the court to make a meaningful judgment.  While the motion before us refers to one period, it fails to address periods related to motions of counsel, as well as the numerous motions of the defendant.  Because these calculations are difficult, the rule recognizes the need for more precise calculations.

different unrelated charges in addition to those contained in the original indictment.[2]

Since the original indictment, this defendant has had three different counsel.  Two have been allowed to withdraw for irreconcilable differences with the defendant.  When his second counsel was permitted to withdraw on June 7, 2006, defendant requested permission to represent himself.  He was told to file a motion expressing such an intention.

In the absence of complying with our instructions to file a motion to represent himself, defendant instead filed seven *pro* *se* motions in a span of ten days.  He was advised by letter that his motions would be served on the United States by the court.  The court independently noted his desire for self-representation which would be taken up at a scheduled hearing.  Defendant continued to file *pro* *se* motions up to the time of a hearing on his *pro* *se* representation and appointment of a third lawyer on July 17, 2006.[3]

There have been five trial dates, including the present one; three have been continued at the instance of the defendant, one has been continued because of the change in counsel.

---

[2]The original indictment charged two counts for possession of an unregistered firearm.  The superseding indictment added four terrorist-related charges.

[3]Following this last appointment and the return of the superseding indictment, a new procedural history commenced which will be reflected in what follows.

I.

In *United States v. Lattany*, 982 F.2d 866, 870 (3d Cir. 1992), the court set out the intent of Congress in enacting the Speedy Trial Act.  The Act is designed to ensure a federal criminal defendant's Sixth Amendment right to a speedy trial and to reduce the danger to the public from prolonged periods of the defendant's release on bail in an appropriate case.

The Act excludes periods of delay for purposes of calculating the seventy-day time limit for commencing trial. *See*, Section 3161(h), which provides numerous exclusive circumstances warranting exclusions, including a pretrial motion, from its filing to its disposition, and any period of delay from a continuance provided there is an ends of justice reason articulated by the court.  Section 3161(h)(8)(A).  In subsection (B), the Act outlines factors, "among others," which a judge shall consider in determining whether to grant a continuance under subparagraph (A).  These extensions include time allowing new counsel to become familiar and to be prepared to try the case.  *United States v. Rivera Const. Co.*, 863 F.2d 293, 296-297 (3d Cir. 1988).

In excluding the time for delay resulting from any pretrial motion, Section 3161(h)(1)(F) does not impose a reasonableness limitation on delay due to pretrial motions.  *See*, *Henderson v. United States*, 476 U.S. 321, 326 (1986), stating that "the plain terms of the statute appear to exclude all times between the

filing of and the hearing on a motion whether that hearing was prompt or not."

The *Henderson* principle is expanded on in *United States v. Staula*, 80 F.3d 596, 601 (10th Cir. 1996), the court observing that "[f]or motions that require a hearing, this subsection excludes the time between the filing of the motion, even if the delay is overlong, inexplicable or unreasonable."

Many of the *pro se* motions filed by the defendant did not comply with the rules in filing a brief, which could be filed after the motion.  In others, a brief was filed.  In addition to the *pro se* motions, we have counseled motions.  Complications arose because at no time was the defendant without counsel, except in the periods between counsel when the court contemplated the selection of new counsel.  When *pro se* motions are filed, whether in compliance with the rules or not, the court waits for appointed counsel to assess the necessity of adopting the *pro se* motions and determining if a hearing or argument is necessary.  Otherwise, time periods overlap with continuances as well as time extensions to file pretrial motions, many of which were granted in this case on the application of the defense.

Speedy Trial

II.

Defendant was arraigned on the original indictment on January 3, 2006.  The defense was allowed 20 days in which to file motions.  His public defender counsel filed a motion on January 12, 2006 to review the defendant's previous detention by

-4-

a magistrate judge in December, 2005.  This was followed by
counsel's motion to withdraw filed on January 17, 2006 because of
irreconcilable differences with the defendant.  A hearing was
scheduled on both motions for January 19, 2006.  On that date,
counsel was allowed to withdraw.  No action was taken on the
detention motion pending the appointment of Philip Gelso,
Esquire, a panel attorney, which occurred on January 20, 2006.

   After affording new counsel a reasonable time to familiarize
himself with the case and to file motions, the defendant wrote to
the court on February 22, 2006, expressing disagreements with new
counsel.  The court scheduled a pretrial conference for March 14,
2006.  At that conference, a trial was scheduled for May 30,
2006.  The defense requested and was granted 20 days in which to
file motions.  The detention motion was withdrawn.

   On March 30, 2006, the defense requested additional time to
file motions.  With stated reasons to satisfy the ends of justice
in compliance with the factors in 18 U.S.C. §3161(h)(8)(B), the
time was extended to May 2, 2006.  Similarly, a defense motion
was filed to continue the trial and to extend time for motions to
June 1, 2006.  In the interim, counsel Gelso also sought to
withdraw for irreconcilable differences.  In the interest of
justice, an order was issued on May 31, 2006, openly extending
the time for motions to be filed until new counsel could be
appointed.  Gelso was allowed to withdraw on June 7, 2006.  This
was also the first occasion that the defendant expressed an
interest to represent himself.  He was instructed to file a

motion.  Several *pro* *se* motions were filed on June 9th and 23rd, respectively, but none for self-representation.  Regardless, a hearing on the latter was scheduled for July 17, 2006.

At the July 17th hearing, Joseph O'Brien, Esquire, was appointed to represent the defendant.  A hearing on self-representation was conducted.  After an appropriate colloquy, it was noted that the defendant could have Attorney O'Brien as standby counsel.  After further consideration between counsel and the defendant, we concluded that defendant could proceed with O'Brien as counsel and not in a standby capacity.  Following the hearing, on July 20, 2006, counsel filed a motion for discovery which did not need a response until August 3, 2006.  Defendant persisted in filing numerous *pro* *se* motions in contradiction of our understanding that he could accept Mr. O'Brien.  On September 6, 2006, the court set a trial date for November 6, 2006.  In response, the defendant, on September 18th, filed a *pro* *se* motion to terminate counsel along with two other *pro* *se* motions addressing the proceedings.  A hearing on the termination issue was scheduled for October 11, 2006.  In the interim, a superseding indictment was filed on October 3, 2006.

While the superseding indictment included entirely new and unrelated charges, it repeated the two counts from the original indictment.  Accordingly, the speedy trial issue as to the two continuing charges remains active in spite of the new indictment. Except for eight days between the defendant's arraignment on the original indictment and the motion to review his detention, there

-6-

were intervening motions which remained outstanding up to the pretrial conference on March 14, 2006, at which time the motion to review defendant's detention was withdrawn.  Nine days expired up to March 28, 2006 when counseled *ex parte* motions were filed for discovery and authority to hire expert services.

Times were extended on the application of the defense on March 20th, April 27th and May 31st of 2006; all stated that they were granted in the interest of justice.  The May 31st order extended the times until new counsel could be appointed because the defendant's second lawyer sought to be relieved because of irreconcilable differences.  As noted earlier, new counsel was appointed on July 17, 2006.  At the same time, we held a hearing on the defendant's self-representation.  In June, prior to this hearing, defendant filed *pro se* motions which were outstanding. Defendant continued to file *pro se* motions on August 4th, and as we noted above, on September 16th and 18th, all of which remained outstanding up to the filing of the superseding indictment.  No additional speedy trial time was expended on two of the original charges.

### III.

A superseding indictment containing additional and entirely new charges was returned on October 3, 2006.  Defendant was arraigned on October 11, 2006, at which time the defense was given 20 days for pretrial motions.[4]  In addition, the court

---

[4]If an entirely new offense is charged, it commences a new, independent speedy trial period.  *United States v. Lattany*, 982 F.2d 866, 872 n.7 (3d Cir. 1992).

appointed his present counsel because the defendant said they were working together, although defendant insisted counsel could be fired at any time.  On the same day, the court ordered a competence examination for the defendant at a federal medical facility.

Commencing October 12, 2006, defendant filed a *pro se* motion for mandamus.  He advised the court that Philadelphia was scheduling a hearing.[5]  Regardless, he continued filing *pro se* motions totaling 16 in number until the end of October, 2006.  On November 30, 2006, defendant filed a *pro se* motion, independent of counsel appointed to represent him, to the extend time for motions until the return from his mental examination, which occurred on January 5, 2007.  In anticipation of his return, the court ordered a pretrial conference for January 11, 2007.  A trial was set for March 26, 2007.

On January 11, 2007, defendant wrote to the court that some complaint was pending in Washington, DC.  In February, he filed a *pro se* motion for acquittal, followed by a repetition of motions previously filed.  A counseled motion was filed on March 12, 2007, to continue the trial for 60 days.  Counsel also filed an *ex parte* motion for the appointment of an expert consultant.  On March 13, 2007, the trial was continued until May 29, 2007, because the needed time outweighed the interest of justice and the public.  Defendant filed a *pro se* motion for acquittal.  He

---

[5]We awaited some notice from the appellate court but none was ever received.

also filed a "Direct Appeal on Dismissal for Refusal of Grand Jury Testimony."  Continuing into April, the defendant filed several *pro* *se* motions, including an additional mandamus motion.

While the above was pending, a pretrial conference was scheduled for May 15, 2007.  On May 18, 2007, counsel filed a motion to suppress a search and sought a dismissal for violation of speedy trial which is before us.

On May 22, 2007, the government filed a motion, with the concurrence of defense counsel, to permit the defendant to represent himself with standby counsel.  In a reversal of the court's previous determinations, we granted the motion.[6]  At a conference scheduled by the court the defendant, in the presence of standby counsel, specifically requested a continuance of the trial until July 9, 2007.  At present it stands as the date for

---

[6]Except for his last two court appearances, the defendant has been vocally disruptive.  It has required the court to install a video system in his cell adjoining the court.  Although no occasion has arisen to warrant its use, the defendant has been warned that it may be necessary if he becomes disruptive during trial.

Because of his conduct and based on the report of his psychiatric examination, the court earlier concluded on October 11, 2006, that his present counsel would serve as such and not on a standby basis.  (Doc. 126).  The reasons were further communicated in a letter to the defendant on January 16, 2007, (Doc. 131), alluding to his psychiatric examination and its conclusions of impaired judgment and his overstatement of his abilities to represent himself, as well as a tendency to decompensate under stress.  Based on the examination, we concluded that his judgment on self-representation was not intelligently and competently made.  *See*, psychiatric report dated December 14, 2006 (Doc. 201).  On May 22, 2007, we reversed our ruling on self-representation because of the joint motion of counsel urging the need for self-representation being of paramount importance.

trial.  At best, a very minimum amount of time was expended which would qualify for speedy trial calculation.

Conclusion

In this case, all delays were at the instance of the defendant and for the benefit of the defense to ensure the defendant a speedy trial.  The reasons for delay with respect to motions and continuances were all the same.  All five trial dates were continued at the instance of the defense.  Accordingly, the motion to dismiss is **DENIED.**

SO ORDERED.


*s/Edwin M. Kosik*
United States District Judge


Date: July 2, 2007