IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:05-CR-493 |
| Plaintiff | |
| vs. | Hon. Edwin M. Kosick |
| MICHAEL CURTIS REYNOLDS, | |
| Defendant | (ELECTRONICALLY FILED) |

**DEFENDANT MICHAEL CURTIS REYNOLDS:
REQUESTED JURY INSTRUCTIONS**

1. Attempt requires intent and conduct amounting to a substantial step towards the commission of the crime.

2. In Counts V and VI Defendant is charged with possession of a destructive device particularly an explosive grenade. Possession can be either actual or constructive. A person who knowingly has direct physical control of something on or around his person is in actual possession of it. Basically actual possession means you have the item

on your person, you know it is there.  In this case there is no evidence that the Defendant knowingly had an explosive grenade on his person on the date he was charged in the indictment.  Therefore, I instruct you that he did not have actual possession of any explosive grenade.

To establish constructive possession the government must prove beyond a reasonable doubt that the Defendant had both the power and intent to control an explosive grenade on the date charged in the indictment.

3. Counts V and VI of the indictment charge Defendant with the possession of a destructive device, particularly an explosive grenade. The grenades in this case were originally designed as practice grenades.  Thus, to establish that the Defendant possessed explosive grenades the government must prove beyond a reasonable doubt that when the Defendant possessed them he knew that they were redesigned in such a way that they could explode and that he also knew at that time they had therein sufficient gun powder or powders used for blasting or other ingredients in such proportions, quantities, or packing that ignition by fire, by friction, by concussion or percussion or by detonation of the compound mixture could cause an explosion.

4.  The term "knowingly" as used in these instructions to describe the alleged state of mind of the Defendant, Michael Reynolds, means that he was conscious, aware of his actions, knew what he was doing or what was happening around him and did not act because of ignorance, mistake, or accident.

5.  You have heard the testimony of law enforcement officers. The fact that a witness may be a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight of that of an ordinary witness.

    At the time, it is quite legitimate for defense counsel to attack the credibility of law enforcement witnesses on the grounds that their testimony may be colored by a personal or professional interest in the outcome of the case.

    It is your decision, after reviewing all the evidence, whether to accept the testimony of law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

       Respectfully submitted,

       OLIVER, PRICE & RHODES

       /s/ Joseph A. O'Brien
       Joseph A. O'Brien, Esquire
       Attorney I.D. No.: 22103
       P.O. Box 240
       Clarks Summit, PA   18411
       Tel: (570) 585-1200
       Fax: (570) 585-5100
       Email: jaob@oprlaw.com
       ATTORNEY FOR DEFENDANT