FILED
SCRANTON
JUL 23 2007
PER ___ MIP
DEPUTY CLERK

Brief in Support of Motion
For Aquittal of Charges

(1) Legal definition of knowingly and with the intent to attempt the acts as shown has not been met through any physical evidence nor by witnesses in matters of Counts I-IV. The shopping list does not in fact shown "substaintial support" element is met as the shopping list, even if sent by Defendant does not constitute bomb making instruction as accused by Prosecution. It would be the legal equivolent of telling someone to purchase a gun. It does not require that person to do so, it does not instruct that person on use, nor is it illegal. No other maps, or details of any type, the kind needed to satisfy the "substaintial aid" legality were undertaken, nor proven that in fact they would be.

There was no intent to damage the property proven as well. No details of the sites existed, no guard schedules Prosecution tried to elude everyone knew of, nothing. In fact, thes Site claimed by Prosecution of the Standard Oil Company in NJ doesnt even exist. Again unfounded missing intent to do anything in the manner of "substaintial aid".

The photos shown as evidence all existed on

the internet, a simple query to mapquest does that. Routeplanner, a $10.00 program will also highlight routes as shown. None of this is illegal or unavailable from the internet. The diagrams, downloaded off the internet, were modified to render them useless, that was the intent. They were published online, from the "CIA Black Book of Improvised Munitions" from Eden Press, usually found at Paladin Press Publications. Again all legal. Do consider that the fact was shown that these were never on the internet from the Defendant at all. They can of course be located online anyhow. No 'substaintial aid' there either.

As was pointed out in the video, no attempt was made to take the 'money bag', in fact court itself proved Defendants claim he had never heard officer's approaching. Defendant did clearly approach in the direction of the officers, a clear indication of no criminal activity. If the video in fact had been done with audio, it would have demonstrated Defendant had said to arresting officer, "My hand is on my cell phone in my pocket, I'm taking it away". This did happen. I'll swear to that anytime. And not because Joe tells me to, because it is true.

For the grenade counts, the one Defendant

was charged with, December 5th, 2007, was testified to by Peter S., who under direct testimony stated, "He only took out his computer, nothing else was gone into or removed", "nothing else?", "no, just the computer. Defendant therefore could not have left the grenade. Charles Notari's statement, read to court during Ola Whitebread testimony, stated he helped pack the unit and I never spoke or showed him any grenades. Therefore Defendant placed none within that unit prior to leaving the country, and witness Peter verified none was placed there after. In fact it was shown Kevin and Debbie Reardon often went to the house and unit, had the only keys not kept at the office. Kevin had both motive and opportunity as stated.

    I do believe and hope this court does as well, Government has not met the burden of proof, even if this court allows venue question, perjury to the Grand Jury taint and violated search warrant to stand.

## Remedy Sought

Defendant prays this court Aquits him of all charges as burden of proof has not been met by law beyond a reasonable doubt.

Michael Curtis Reynolds
Lackawanna County Prison
1371 North Washington Avenue
Scranton, PA 18509

SCRANTON PA 185
18 JUL 2007 PM 1 T

United States District Court
235 No. Washington Ave
Scranton, Pa 18509

1148

