# United States District Court

## Middle District of Pennsylvania

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| MICHAEL CURTIS REYNOLDS | Case Number: 3:05CR00493-001 |
| | USM No. 10671-023 |
| | Michael Curtis Reynolds PRO SE with stand-by counsel |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on count(s) 1,2,3,4, & 6 of Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 2339 B | Attempt to Provide Material Support to a Foreign Terrorist Organization | 12/05/2005 | 1 |
| 18 U.S.C. ' 2339 A(a) and 18 USC '2 | Attempt to Provide Material Support to be Used in Maliciously Damaging or Destroying an Interstate Gas Pipeline Facility by Means of Force or Explosive | 12/05/2005 | 2 |
| 18 U.S.C. ' 373 | Solicitation of Others to Engage in a Felony Involving the Damaging or Attempted Damaging of an Interstate Pipeline Facility by Means of Force or Explosive | 12/05/2005 | 3 |

See Additional Counts of Conviction - Page 2

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) Five (5) of the Superseding Indictment

☐ Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

11/06/2007
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

**Edwin M. Kosik**
**United States District Judge**
Name & Title of Judicial Officer

11/06/07
Date

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

Judgment-Page __2__ of __7__

DEFENDANT:      MICHAEL CURTIS REYNOLDS

CASE NUMBER:    3:05CR00493-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 842 (p)(2) | Distribution of Information Through the Internet Involving the Manufacture and Use of an Explosive or Destructive Device to be Used to Damage or Attempt to Damage an Interstate Gas Pipeline Facility | 12/05/2005 | 4 |
| 26 U.S.C. § 5841, 5861(d) & 5871 | Possession of an Explosive Grenade Not Properly Registered | 12/05/2005 | 6 |

DEFENDANT: **MICHAEL CURTIS REYNOLDS**
CASE NUMBER: **3:05CR00493-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __360 month(s)__. This term consists of terms of one hundred eighty (180) months imprisonment on each of Counts 1 and 2, to be served consecutively to each other and terms of ninety (90) months imprisonment on Count 3, two hundred forty (240) months on Count 4, and one hundred twenty (120) months on Count 6, to be served concurrently with each other and with Counts 1 and 2 to the extent necessary to produce a total term of three hundred sixty (360) months.

[ ] The court makes the following recommendations to the Bureau of Prisons:

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

　　[ ] at _____ a.m./p.m. on _____.

　　[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　[ ] before 2 p.m. on _____.

　　[ ] as notified by the United States Marshal.

　　[ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: **MICHAEL CURTIS REYNOLDS**
CASE NUMBER: 3:05CR00493-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3__ **year(s)**.

This term consists of terms of three (3) years on each count, to be served concurrently.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the Court or probation officer;
2) the defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change of residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

**See Additional Standard Conditions of Supervision - Page 5**

DEFENDANT: MICHAEL CURTIS REYNOLDS
CASE NUMBER: 3:05CR00493-001

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon;
15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.
16) the defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessment;
17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessment.
18) the defendant shall provide the Probation Officer with access to any requested financial information.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall comply with the standard conditions that have been adopted by this Court.

As an additional condition, the defendant shall cooperate in the collection of a DNA sample as directed by the Probation Officer.

THE COURT FINDS that the defendant poses a low risk of future substance abuse, and therefore suspends the mandatory drug testing requirement.

The sentence imposed satisfies the purposes set forth in 18 U.S.C. § 3553(a).

I must advise you of your right to appeal your conviction and sentence to the United States Court of Appeals. If you are unable to pay the cost of any appeal, then you may apply for leave of Court to appeal in forma pauperis, and if approved, counsel will be appointed for you and you will not be required to pay any costs. If you so request, the Clerk of the Court will prepare and file a notice of appeal on your behalf."

DEFENDANT:     MICHAEL CURTIS REYNOLDS
CASE NUMBER:   3:05CR00493-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $ 500.00   | $    | $           |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .   $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|------------------------------------------|
|               |                       |                               |                                          |

Totals:    $ _____    $ _____

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [ ] Lump sum payment of $_____ due immediately, balance due
    [ ] not later than _____ or
    [ ] in accordance with [ ] C, [ ] D, [ ] E [ ] F below; or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of Supervision; or

E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X] Special instructions regarding the payment of criminal monetary penalties:

    It is ordered that the defendant shall pay a special assessment of $100 on each of Counts 1 through 4 & 6, for a total of $500. This sum shall be paid to the Clerk, U.S. District Court, and shall be due immediately.
    The court finds that the defendant does not have the ability to pay a fine.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, United States District Court, Middle District of Pennsylvania, 235 North Washington Ave. and Linden Street, Room 101, Post Office Box 1148, Scranton, Pa. 18501, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.