Case 3:05-cr-00493-MEM   Document 433   Filed 05/05/11   Page 1 of 6

FILED
SCRANTON
MAY 0 5 2011
Per_____
DEPUTY CLERK

Recusal Motion Court of Appeals

You have 10 days to Respond. Denial _____

F.R.Evid § 201(d), (e) hearing.

AFFIDAVIT OF:

Michael Curtis Reynolds

An amazing fact in the case of Reynolds vs US, #05-CR-0493, part in this case, as well. That new fact, given by Debra Reardon (607) 724-2962, a Prosecution witness; is that prior to Trial in 2007, Judge Kosik himself telephoned the sole eyewitness, Joyce Reynolds, now deceased, and warned her not to appear. Since when does any Judge, let alone the presiding Judge, personally phone a material eyewitness, especially for the defense, and warn them not to appear at Trial. Debra Reardon verified this, and is presently searching for written proof of what date this occurred on. But no doubt as to the veracity that it did in fact take place. The trial then, and conviction, coupled with the full admitted Judicial Admissions under Rule 36 now require that conviction overturned as known false and now actively covered up by Judge Kosik.

This has been reported for investigation with the Dept. of Justice, Wash. Under F.R.Evid. § 201(d) & (e) this is mandated acceptance as fact and demands an immediate schedule for hearing.

4/30/2011

Michael Curtis Reynolds

(AFFIANT'S CONTACT INFORMATION)
P.O. Box 2000, Fed Allenwood
White Deer, Pa. 17887

I, [the affiant], hereby certify by affixing a legal signature to this Affidavit, that all facts asserted within are true and correct under Title 28 U.S.C. §1746 as true

## AFFIDAVIT IN SUPPORT

As support for the Motion for Default, for failure to comply with Rule 36, Admission of Facts, 36(3), the Petitioner now attests to the facts not denied per Rule 36, as being;

1) A known perjured Affidavit of Probable Cause was used in all counts of 05-cr-0493.

2) A known false arrest was committed in Count 5, acquitted at trial, the sole original count of arrest.

3) Joseph Noone perjured before the Grand and Petite Jury's about the 'threat' to the closed Standard Oil Company, closed since 1932, vacant since 1950.

4) Joseph Noone and John Gurganus knowingly violated a search warrant prior to its' Dec. 21, 2005 issue date, and did admit using that evidence to the Grand Jury on Dec. 20, 2005.

5) Larry Whitehead, Affiant used a known perjured statement in the Affidavit of Probable Cause from Kevin Reardon about the 1978 incident. There was no explosive, no trigger on a door.

6) Joseph Noone knowingly lied to the Grand Jury on Dec. 20, 200_ about any 'live grenade' from April 23, 2005. It was not live, it was not a crime, and Joseph Noone knew this.

7) The FBI Coerced and Coached Ola Whitebread to perjure at trial

8) The FBI admitted that the emails in Pennsylvania were not sent by the Affiant herein, but from a house that their own Confidential Informant, Kevin Reardon had access to.

9) The FBI confirmed and admitted the fact that no emails were sent by Affiant herein from the Red Carpet Inn in Wilkes-Barre nor did Affiant herein borrow any computer for email in PA.

10) FBI and Prosecutor John Gurganus knew Affiant herein was innocent of all charges, prior to his arrest Dec. 5, 2005.

This Prosecution was Vindictive and done for nothing other than Malicious reasons. There was no legal basis for any of the matter. No one on the Government Prosecution team can rebut the Affiant herein's "Facts of Judicial Notice" statements. They are true. The Government has Defaulted in the Hazel-Atlas Motion, thus has earned the entry of that Default, under F.R.Civ. P. Rule 55.

I, _Michael Curtis Reynolds_ hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the above as true and correct, by affixing of signature below.

_Michael Curtis Reynolds #10671023_   Name signature

## AFFIDAVIT IN SUPPORT

I, Michael Curtis Reynolds, hereby state for the record, that the evidence used in matter 05-cr-0493 was known to be falsified, the testimony before the Grand and Petite Jury's known to be perjured, Larry Whitehead, FBI Affiant knew the Affidavit of Probable Cause, as did all others, inclusive of Joseph Noone, FBI Agent, and Prosecutor John Gurganus, as falsified by both Informant Kevin Reardon and Larry Whitehead, Larry additionally had perjured about the 'lock change statement' in order to obtain veracity on the false statement of Kevin Reardon. The initial arrest of Dec. 5, 2005 was known to be a false arrest, there being no crime committed on April 23, 2005. In addition, the search warrant issued due to the false arrest was breeched on or before Dec. 12, 2005, proven by evidence, although the warrant issued on Dec. 21, 2005. This is verified by the Grand Jury testimony of Joseph Noone, FBI Agent, Dec. 20, 2005, prior to that warrant's issue date. Joseph Noone perjured to the Grand Jury of the 'destruction' of the 'live grenade' on April 23, 2005, as it was neither 'live' nor destroyed, but <u>'harmless, so I place it in the scrap pile'</u>, by Sgt. Cody Bergen on that date. This was known, yet perjured by Joseph Noone in order to obtain a second indictment, and the search warrant of the computers. Petitioner used no email while in Pennsylvania, as charged, from Nov. 10-16, 2005, as he had no computer monitor with which to do so. There was no 'confession' to a crime by the Petitioner, as there was no crime, and no confession exists. Joseph Noone perjured before the Petite Jury about any 'confession' and any threat, as the Standard Oil Company of New Jersey, Perth Amboy, doesn't exist since 19 I, Michael Curtis Reynolds hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the above as true and correct, by affixing of signature below.

_____   Name signature
FCI Allenwood, Po Box 2000          Address
White Deer, PA 17887                12/22/2010

AFFIDAVIT IN SUPPORT

It was testified to and proven that this Petitioner owned no Computer Monitor for the Desktop Computer prior to Nov 23, 2005. As the 'email crimes' in Pennsylvania 'occurred' from Nov 10-16, 2005, no crime could physically have been thus committed with emails by this Petitioner as charged. This was verified by Governments witnesses, Debra Reardon and Justyna S. This is also proven by Joyce Reynolds. The FBI also verified the emails originated from 346 Scott Street, not 400 Kidder Street, where the Petitioner was followed to. Thus Petitioner was even observed by the Government not to be sending any Pa emails. Furthermore, the Government proved there were no internet phone calls made from the Hotel Petitioner stayed at. Not surprisingly a person with no Computer Monitor does not send emails, as verified. This Court then, had no jurisdiction to supercede the indictment, convict or sentence this Petitioner. The entire affair, a false arrest and violated illegal search warrant is a sham conviction and must be removed.

I, Michael Curtis Reynolds hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the above as true and correct, by affixing of signature below.

_Michael Curtis Reynolds_ Name signature
FCI Allenwood PO Box 2000 Address

FILED
SCRANTON

JAN 11 2011

PER _____ /s/ _____
DEPUTY CLERK

# RULE 36 MOTION ADMISSION OF FACTS SHEET
## QUESTIONS #3

| | # | Question | TRUE | FALSE |
|---|---|---|---|---|
| Yes | 1 | Did your witness, Debra Reardon testify that the Computer Monitor was purchased on Nov. 23, 2005 ? | | |
| Yes | 2 | Was it not proven that Petitioner's "crimes" occurred only from Nov. 10-16, 2005 ? | | |
| Yes | 3 | Did your witness, Justyna S. testify by sworn statement that Petitioner had to travel to her home and borrow her Monitor? | | |
| Yes | 4 | Did your witness, Debra Reardon testify by statement that Petitioner had no internet access in Binghamton, Ny ? | | |
| Yes | 5 | Did your FBI Agent testify by statement that the emails were traced to 346 Scott Street, twice, before the Grand Jury ? | | |
| Yes | 6 | Did your FBI Agent testify by statement that Petitioner was at 400 Kidder Street, not 346 Scott Street ? | | |
| Yes | 7 | Did your FBI analysts testify by statement that no evidence of any emails were found on the Red Carpet Motel computer ? | | |
| Yes | 8 | Is it not impossible to send an email with a Desktop Computer that has no Monitor, as Petitioner's did not have one ? | | |
| Yes | 9 | Did your witness, Debra Reardon not testify by statement that no emails were ever sent by Petitioner while in Binghamton ? | | |
| Yes | 10 | Does a Court lose its jurisdiction on a matter if the crime could not have occurred while Petitioner was in the area ? | | |
| No | 11 | If the Petitioner did not own a Computer Monitor, and did not send emails while in Pennsylvania, can he be convicted ? | | |
| No | 12 | If a grenade is a dud, since it doesn't function, and is then 'disposed of in the scrap pile', is the ownership a crime ? | | |
| No | 13 | If the ownership of a dud grenade is not a crime, can the Petitioner then be arrested, detained, and held for trial ? | | |
| No | 14 | If the ownership of a dud grenade is not a crime, can a search warrant then be issued from the non-criminal activity ? | | |
| No | 15 | Can a search warrant issue nine days after the search has been completed, and remain legal ? | | |

ALL TRUE/FALSE BOXES MUST BE CHECKED AS INDICATED [X], LEAVE NONE UNCHECKED.
ANY UNCHECKED BOXES ARE DEEMED AS TRUE RESPONSES, AND WILL BE MARKED AS SUCH.
ALL FALSE CHECKED QUESTIONS WILL BE SUPPLIED WITH EXHIBIT PROOF, OR DEEMED AS
BEING FOUND AS TRUE. NO EXCEPTIONS TO THIS RULE.

ANY UNRETURNED ADMISSION OF FACTS SHEET WILL BE DEEMED AS COMPLETELY TRUE,
NO EXCEPTIONS WHATSOEVER.

Michael Curtis Reynolds
#10671-023
Allenwood FCI (Medium)
P.O. Box 2000
White Deer, PA 17887-0000

APR 29 2011

RECEIVED
SCRANTON

_____
R.   DEPUTY CLERK

Clerk of Courts
US District Courts
235 No. Washington Ave
Scranton, PA 18503-1745